EMMA C. GAIGE, RESPONDENT, v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF NEW YORK, APPELLANT.

48 137
41ap137

*Corporation organized, under chapter 74 of 1877, as amended by chapter 69 of 1878, to aid and support its members — power of subordinate lodges to waive formalities in restoring members, suspended because of a failure to pay assessments.*

The defendant, which was incorporated under the provisions of chapter 74 of 1877, as amended by chapter 69 of 1878, to aid, assist and support members or their families in case of want, sickness or death, adopted regulations for subordinate lodges by which a member, who had been suspended because of a failure to pay his dues, might, within three months, make application in a writing signed by him, to be presented at a meeting of the lodge, accompanied by a sum equal to all his dues and assessments, and be restored to membership by a majority vote of the members present at such meeting.

Upon the trial of this action, brought by the wife of one Joseph J. Gaige to recover upon a certificate issued to him, it appeared that the said Gaige, and two other members, were, on August 15, 1885, suspended for not paying two assessments by a subordinate lodge, and that that fact was reported to the grand lodge; that, on September fifth, one of the suspended members paid his assessments and was restored by the subordinate lodge, without any written application, and on the same day the said lodge passed a resolution that the other two suspended members be restored on payment of the dues and assessments charged against them On September twentieth Gaige caused the full amount of his dues and assessments to be paid to the financier of the lodge, who received the same, and on September twenty-fourth reported to the grand lodge this payment and the fact of Gaige's death, which took place on September twenty-first, sending to it the

portion of the fund to which it was entitled, and referring to the suspension of the three members and the resolution.

*Held*, that the written or preliminary application could be and was waived by the lodge, and that, in view of the circumstances presented by the evidence, the conclusion was that Gaige was, during his life, effectually restored to his relation as a member by the resolution and the payment made by him pursuant to it.

APPEAL from a judgment, entered upon the decision of the court on trial without a jury at the Orleans Circuit.

*Leroy Andrus*, for the appellant.

*Clark D. Knapp*, for the respondent.

BRADLEY, J.:

The defendant was incorporated by Laws of 1877 (Chap. 74), the first section of which was amended by Laws of 1878 (Chap. 69), and amongst the objects of the corporation was that to aid, assist and support members or their families in case of want, sickness or death. It was vested with the power to institute and control subordinate lodges under such rules and regulations as it might establish, not in conflict with the laws of the State. Its nature is that of a co-operative beneficiary association, dependent for its funds to perform its undertakings and execute its purposes, upon the dues and assessments derived from its members and those of the subordinate lodges. It instituted a subordinate lodge known as Danolds' lodge at Eagle Harbor, in the county of Orleans, of which Joseph J. Gaige became a member of the degree of master workman, in February, 1884, and to him a beneficiary certificate was issued declaring that he was entitled to all the rights and privileges of membership, and to participate in the beneficiary fund of the order to the amount of $2,000, payable at his death to Emma C. Gaige, his wife, upon the condition that he should in every particular, while such member, comply with all laws and requirements of the order. The defendant has its constitution and general laws, and there are also a constitution and by-laws for subordinate lodges. By them regulations are provided for the payment of dues and assessments and for the consequences of default. The directions are that notice of assessments be given to the members within the first eight days of the month in which they are made, and if the member fail

to pay his assessment on or before the tenth of the following month, he shall stand suspended from all rights and privileges in the order from that time. He may, however, within three months, make application in writing, signed by him, for restoration, to be presented at a meeting of the lodge, accompanied by a sum equal to all his dues and assessments, and be restored by a majority vote of the members present at such meeting. The evidence tends to prove that Gaige was in default for not paying on or before August 10, 1885, two assessments (Nos. 12 and 13) of one dollar each, and he, with two other members in like default, was suspended on August fifteenth, and so reported to the grand lodge; that on the fifth day of September one of the suspended members paid his assessments and was restored by the subordinate lodge without any written application, and thereupon, on that day, the subordinate lodge passed a resolution that the other two suspended members be restored on payment of the dues and assessments charged against them. And on September twentieth Gaige caused to be paid to the financier of Danolds lodge the full amount of his dues and assessments up to that date, amounting to six dollars and fifty cents, which was received by that officer. Gaige died the day following such payment, and on September twenty-fourth, the financier reported to the grand lodge his payment and death, and sent to it one dollar as the amount of the fund to which it was entitled. And in the same communication reference was made to the suspension of the three members on August fifteenth, the restoration of one of them on September fifth, on payment made by him, and to the resolution before referred to, to restore the other two on payment by them of their dues and assessments. The action is upon the beneficiary certificate. And on the part of the defense it is contended that Gaige had not been reinstated as a member at the time of his death; that he was not then a member of the order, and therefore the certificate was ineffectual to support the plaintiff's alleged claim. The subordinate lodge had the power to receive into and suspend from the lodge members in the manner prescribed, and to make rules and regulations not inconsistent with the constitution and general regulations of the grand lodge. The manner of proceeding to produce restoration of a suspended member is provided for in both the general regulations of the grand lodge and the constitution of the subordi-

nate lodge, and the formality prescribed is that the application in writing of the suspended member signed by him be presented to a meeting of the lodge. This has relation only to the manner of bringing his case before the meeting of the lodge. Its purpose evidently is to require action to be taken. Without such application the duty would not be imposed upon it to act in the matter. But the lodge having the power to restore him to his relation of member, might, it would seem, do it without the formality of a written application as it would contain nothing essentially relating to the inquiry whether or not he should be reinstated. It may be that the subordinate lodge cannot waive the observance of any regulation of the grand lodge which in its nature or effect is substantial. But those things which are merely formal and incidental to the exercise of the power vested in the subordinate lodge may not require strict observance to render its action effectual. To that extent waiver is incident to the exercise of power possessed in support of action taken. While the subordinate lodge derives its existence from its superior, it is not a mere instrument, but as an organized body has inherent power and authority for certain purposes, among which is that of restoration of a suspended member. It had without any formal application proceeded to restore one member. And upon the condition that Gaige made the requisite payment it directed by resolution that he also should resume his relation of membership. It may be assumed that he had been advised of this action of the lodge before he made payment, which was made to the officer authorized to receive it. The resolution was then in force so far as it could be rendered so by the act of its adoption. And it does not appear that the lodge ever took any action to render it less effectual than it was at the time of its adoption and of the payment made pursuant to it.

It further appears that on September sixteenth, Gaige wrote and mailed a letter addressed to the person who was the financier of the lodge, expressing a desire to have his relation of member continued and requesting such person to take care of his insurance. This letter was not received by him until the day the money was paid to the officer, but it represented the wish of Gaige to have his relation as member to the lodge preserved. The money paid by him was retained and became part of the fund of the society and

although the grand lodge was advised of all the circumstances on the twenty-fourth of September the evidence did not require the conclusion that any question was raised by it against the proceeding had and the situation apparently produced by it until December sixteenth, when an officer of the grand lodge wrote to one of the subordinate lodges to the effect that the former lodge did not recognize "any valid claim arising out of the death" of Gaige, and suggested that the money paid to the financier be returned by him, to do which no attempt appears to have been made. The learned counsel for the defendant contends that the lodge could not, in anticipation of payment by a member, effectually pass a resolution to restore him on payment, and therefore there was no restoration of Gaige during his life. If this view is correct the action cannot be supported because the subordinate lodge could not produce restoration and liability upon the certificate by any action taken after his death, and what followed that event had pertinence only in its reflection upon and relation to a time prior to the death. The adoption of the resolution and receipt of the money paid purported to accomplish during his life reinstatement of the member. And so far as it did not conform to the prescribed regulations it was a mere irregularity in the order or manner of proceeding to produce the result. The receipt of the money by the official financier was a receipt of it by the lodge, and it was subsequently recognized as such at a meeting to which it was reported by him. The relation between the grand and subordinate lodges is not, strictly speaking, that of principal and agent. They all are within the society and are parts of it. They constitute a system in which the subordinates have certain co-ordinate powers and duties, and in which the grand lodge is the controlling head, and to which they report from time to time what they have done so far as required by the regulations in that respect. The co-operative scheme is for the benefit of the members and the beneficiaries designated by them, and any mere irregularity in the methods in reaching the substantial results in view may for their benefit and protection be waived. And although the question is not free from doubt, we are inclined to think that the written or any preliminary application could be and was waived by the lodge, and that in view of the circumstances presented by the evidence the conclusion was permitted that Gaige was during his life effectually

restored to his relation as member by the resolution and payment made by him pursuant to it.

The judgment should be affirmed.

BARKER, P. J., HAIGHT and DWIGHT, JJ., concurred.

Judgment affirmed.